Nicholas M. Wajda (Cal. Bar No. 259178 )
**WAJDA LAW GROUP, APC**
3111 Camino Del Rio North, Suite 400
San Diego, CA 92108
Telephone: (310) 997-0471
Facsimile: (866) 286-8433
nick@wajdalawgroup.com

*Attorney for the Plaintiff*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| KEVIN D. MACARTHUR<br><br>Plaintiff,<br><br>v.<br><br>MIDLAND CREDIT MANAGEMENT, INC.,<br><br>Defendant. | Case No. **'21CV0381 BEN MDD**<br><br>**COMPLAINT FOR DAMAGES**<br><br>**1. VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692** *et seq*.<br><br>**2. VIOLATIONS OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, CAL. CIV. CODE §1788** *et seq*.<br><br>**JURY TRIAL DEMANDED** |

**NOW COMES**, KEVIN D. MACARTHUR, through his undersigned counsel, complaining of MIDLAND CREDIT MANAGEMENT, INC., as follows:

### NATURE OF THE ACTION

1. This action seeks redress for MIDLAND CREDIT MANAGEMENT, INC.'s, violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*. and the Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), Cal. Civ. Code § 1788 *et seq*.

### JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

3. This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

4. Venue in this district is proper under 28 U.S.C. § 1391(b)(1).

1

## PARTIES

5. KEVIN D. MACARTHUR ("Plaintiff") is a natural person, over 18-years-of-age, who at all times relevant resided in Anaheim, California.

6. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

7. Plaintiff is a "consumer" as defined by Cal. Civ. Code § 1788.2(h).

8. MIDLAND CREDIT MANAGEMENT, INC. ("Defendant") is a corporation organized under the laws of Kansas.

9. Defendant maintains its principal place of business at 350 Camino De La Reina, Suite 300, San Diego, California 92180.

10. Defendant specializes in debt collection and collects debts on behalf of others nationwide.

11. Defendant is a "debt collector" as defined by 15 U.S.C. §1692a(6) because (1) it uses instrumentalities of interstate commerce and the mail in the course of collecting consumer debt; (2) the principal purpose of Defendant's business is the collection of debt owed or due or asserted to be owed or due another; and (3) it regularly collects consumer debt owed to others.

12. Defendant is a debt collector as defined by Cal. Civ. Code § 1788.2(c).

## FACTUAL ALLEGATIONS

13. At some point, Plaintiff applied and was approved for an Ollo credit card through Bank of Missouri.

14. Unfortunately, due to financial difficulties, Plaintiff fell behind on his obligation to Bank of Missouri.

15. At the time that Plaintiff fell behind, he owed Bank of Missouri approximately $1,526 ("subject debt").

16. The subject debt is a "debt" as defined by 15 U.S.C. § 1692a(5) because it was incurred for personal, family, or household purposes.

17. In or around February 2020, Plaintiff started receiving collection calls from Defendant attempting to collect on the subject debt.

18. In or around October 2020, Plaintiff was so frustrated with the Defendant's phone calls regarding the subject debt that he requested Defendant stop calling him.

19. Unfortunately, Defendant has continued to call Plaintiff on at least 20 occasions since Plaintiff has requested that the phone calls cease.

20. Defendant's places phone calls to Plaintiff from various phone numbers, including but not limited to: (540) 900-2059, (248) 215-0446, (320) 207-5239, (602) 491-1246, (320) 207-5251, (248) 215-0529, (480) 504-6541.

21. Additionally, on February 4, 2021, Defendant sent Plaintiff a dunning letter seeking to collect the subject debt ("Collection Letter").

22. The Collection Letter depicted, in pertinent part:



23. Defendant's Collection Letter presented various offers to Plaintiff to resolve the subject debt.

24. Moreover, the Collection Letter expressly stated: "STOP our calls by selecting one of these 3 options" ("the language").

3

25. The language implicitly implies that the only way to compel Defendant to cease its collection calls is to select one of the three payment options enumerated in Defendant's Letter.

26. The language is patently misleading because the FDCPA and the RFDCPA provides for numerous ability to stop unwanted and unconsented to collection calls.

27. The language in Defendant's Letter was designed to mislead Plaintiff and other similarly situated consumers into believing that they must make payment on the debt to compel the cessation of the collection calls.

28. However, as set forth above, the FDCPA expressly provides consumers with mechanisms to compel the cessation of communications from a debt collector.

29. The language in Defendant's Collection Letter was deliberately designed to mislead Plaintiff and pressure Plaintiff into making a prompt payment on the subject debt in order to compel Defendant to cease its collection calls.

30. Plaintiff further felt helpless as he had previously requested the calls cease and Defendant continued to contact him via collection calls.

31. The language in Defendant's Letter was deliberately designed to mislead Plaintiff as to his rights and protections under the FDCPA and to obfuscate the same.

## DAMAGES

32. After reading the language in Defendant's Letter, Plaintiff was misled into believing that he had to make payment pursuant to one of the three offers enumerated in Defendant's Letter to compel Defendant to discontinue its collection calls or prevent Defendant from initiating future collection calls.

33. Accordingly, Defendant's misleading representations were material because it impacted Plaintiff's decision to pay the subject debt.

34. Specifically, Plaintiff has very limited means to pay the subject debt and was misled into believing he had to make payment to escape Defendant's harassment.

35. The conundrum created by the language in Defendant's Letter caused Plaintiff significant emotional distress and anxiety due to his limited financial means.

36. It was only after Plaintiff conferred with his counsel did he discover that he does not have to select one of the three payment options enumerated in Defendant's Letter to compel Defendant to cease its collection calls.

**Count I – Violations of the Federal Debt Collections Practices Act**

37. Plaintiff restates and incorporates all paragraphs as if fully set forth herein.

    **i. Violations of 15 U.S.C. §§ d and d(5)**

38. Section 1692d of the FDCPA provides:

[a] debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

    (5) Causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

39. Defendant violated 15 U.S.C. §§ 1692d and d(5) by placing numerous collection call(s) to Plaintiff after Plaintiff requested that the phone calls cease.

40. Specifically, Defendant placed at least twenty phone calls to Plaintiff after Plaintiff requested that the phone calls cease.

    **i. Violations of 15 U.S.C. §§1692 e and e(10)**

41. Pursuant to §1692e of the FDCPA, a debt collector is prohibited from making "any false, deceptive, or misleading representation" in connection with the collection of a debt. 15 U.S.C. § 1692e.

5

42. Section 1692e(10) of the FDCPA prohibits a debt collector from using any false representation or deceptive means to collect or attempt to collect any debt. 15 U.S.C. § 1692e(10).

43. Defendant violated 15 U.S.C. §§1692e and e(10) by making deceptive and misleading representations to Plaintiff in an attempt to collect the subject debt.

44. Specifically, it is was inherently deceptive for Defendant to mislead Plaintiff into believing that Plaintiff has to select one of the three payment options to compel Defendant to discontinue its collection calls or otherwise prevent Defendant from initiating future collection calls.

45. As set forth above, the FDCPA provides consumers with mechanisms to compel a debt collector to cease communication with a consumer that do not require the consumer to make a payment on the debt.

46. Accordingly, the language in Defendant's Letter misled Plaintiff as to his rights under the FDCPA.

47. The deceptive language in Defendant's Letter misled Plaintiff in a manner that deprived him of his right to enjoy the protections of the FDCPA.

48. As set forth above, Plaintiff was harmed by Defendant's deceptive collection practices.

**WHEREFORE**, Plaintiff, KEVIN D. MACARTHUR, respectfully requests that this Honorable Court enter judgment in his favor as follows:

    a. Declaring that the practices complained of herein are unlawful and violate the aforementioned sections of the FDCPA;

    b. Awarding Plaintiff statutory and actual damages, in an amount to be determined at trial, for the underlying FDCPA violations;

    c. Awarding Plaintiff costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k; and

      d.      Awarding any other relief as the Honorable Court deems just and proper.

## Count II – Violations of §1788.17 of the RFDCPA

49. All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

50. California Civil Code § 1788.17 provides:

> Notwithstanding any other provision of this title, every debt collector collecting or attempting to collect a consumer debt shall comply with the provisions of Section 1692b to 1692j [of the FDCPA], inclusive, of, and shall be subject to the remedies in Section 1692k of, Title 15 of the United States Code.

51. As stated above, Defendant violated 15 U.S.C. §§ 1692e and e(10), therefore violating Cal. Civ. Code § 1788.17.

**WHEREFORE**, Plaintiff, KEVIN D. MACARTHUR, respectfully requests that this Honorable Court enter judgment in his favor as follows:

    a.    Declaring that the practices complained of herein are unlawful and violate the RFDCPA;

    b.    Awarding Plaintiff statutory and actual damages, in an amount to be determined at trial, for the underlying RFDCPA violations;

    c.    Awarding Class Members statutory damages;

    d.    Awarding the Plaintiff costs and reasonable attorney fees; and

    e.    Awarding any other relief as the Honorable Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury.

DATED: March 4, 2021

Respectfully submitted,

KEVIN D. MACARTHUR

By: */s/ Nicholas M. Wajda*

Nicholas M. Wajda
**WAJDA LAW GROUP, APC**
3111 Camino Del Rio North, Ste. 400
San Diego, CA 92108
+1 310-997-0471
nick@wajdalawgroup.com